UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, Plaintiff, v. OSVALDO MAGANA-BARBOSA, Defendant. | Case No. 19-mj-10150-RBM-BAS-1 **ORDER DENYING APPEAL FROM MAGISTRATE JUDGE DECISION AND AFFIRMING CONVICTION AND SENTENCE (ECF No. 10)** |
|---|---|

On August 5, 2019, Defendant pled guilty without a plea agreement to attempted entry into the United States in violation of title 8 U.S.C. § 1325(a)(1) and was immediately sentenced to time served. (ECF Nos. 11, 15.) This appeal followed. (ECF No. 10.)

Defendant argues his conviction should be reversed because: (1) he was treated differently than other defendants prosecuted for petty offenses in violation of his due process and equal protection rights; (2) Section 1325 is facially unconstitutional in light of the Supreme Court's decision in *Sessions v. Morales-Santana*; and (3)

Section 1325 violates the non-delegation doctrine and is void for vagueness. (ECF No. 10.) For the reasons stated below, the Court disagrees.

### 1. Defendant Waived His Right to Raise Constitutional Objections to "Operation Streamline"

Defendant argues that he was unconstitutionally treated differently that those prosecuted for petty offenses through the Government's Central Violations Bureau. The Ninth Circuit soundly rejected this argument, following a similar guilty plea, in *United States v. Chavez-Diaz*, 949 F.3d 1202, 1206–07 (9th Cir. 2020) (providing an unconditional guilty plea constitutes a waiver of the right to appeal such constitutional issues). Since Defendant's guilty plea was unconditionally made, he waived the right to raise any objections to "Operation Streamline."

### 2. *Morales-Santana* Does Not Render Section 1325 Unconstitutional

Defendant argues that *Sessions v. Morales-Santana*, 137 S. Ct. 1678 (2017), renders Section 1325 unconstitutional. This Court agrees with those courts that have held *Morales-Santana* is inapplicable to Section 1325. *See, e.g.*, *United States v. Ramirez-Ortiz*, 370 F. Supp. 3d 1151, 1156 (S.D. Cal. 2019) ("*Morales-Santana* does not address the constitutionality of 8 U.S.C. § 1325, and the severability clause of the Immigration and Nationality Act allows for offending provisions to be stricken without affecting or invalidating the whole."); *see also United States v. Duffy*, 773 F. App'x 947, 949 (9th Cir. 2019) (unpublished) ("The severability clause of the Immigration and Nationality Act ('INA') dictates that the remainder of [the Act] was not affected by *Morales-Santana*.").

This Court adopts the reasoning in those cases and finds that Section 1325 is not unconstitutional.

### 3. The Statute Does Not Violate the Non-Delegation Doctrine, Nor Is It Unconstitutionally Vague

Section 1325 makes it a crime for a non-citizen to enter or attempt to enter the United States at a time or place "other than as designated by immigration officers."

1 Defense counsel argues this violates the non-delegation doctrine because Congress has delegated to immigration officers the ability to determine the scope of a criminal provision without providing the executive branch official with an intelligible principle to guide the official's discretion.

Congress may not delegate to another branch "powers which are strictly and exclusively legislative." *Gundy v. United States*, 139 S. Ct. 2116, 2123 (2019). However, Congress "may confer substantial discretion on executive agencies to implement and enforce laws." *Id*. The Supreme Court has acknowledged "that in our increasingly complex society, replete with ever changing and more technical problems, Congress simply cannot do its job absent an ability to delegate power under broad general directives." *Mistretta v. United States*, 488 U.S. 361, 372 (1989). Thus, "a statutory delegation is constitutional as long as Congress 'lay[s] down by legislative act an intelligible principle to which the person or body authorized to [exercise the delegated authority] is directed to conform.'" *Gundy*, 139 S. Ct. at 2123 (alterations in original) (quoting *Mistretta*, 488 U.S. at 372).

This Court agrees with *United States v. Gonzalez-Pena*, 445 F. Supp. 3d 1021, 1029–30 (S.D. Cal. 2020), that "Defendant's non-delegation argument is based on the flawed premise that any immigration officer can arbitrarily designate ports of entries." As explained in *Gonzalez-Pena*:

> Congress requires that aliens seeking lawful entrance to the United States do so at a port of entry. *See United States v. Corrales-Vazquez*, 931 F.3d 944, 946 (9th Cir. 2019); *United States v. Aldana*, 878 F.3d 877, 882 (9th Cir. 2017). Ports of entry can only be designated or de-designated by the Secretary of Homeland Security subject to the Administrative Procedures Act. *See* 8 C.F.R. § 100.4(a). Ports of entry also necessarily include facilities, staffed by immigration officials that are set up to accept applications for admission. *Aldana*, 878 F.3d at 882. To interpret Section 1325(a) to permit a border patrol agent to designate a portion of the border fence "on a whim" is in direct conflict with Congress's clear statutory scheme.

*Id.* Therefore, this Court agrees that Section 1325 making it illegal for an individual

to enter the United States other than a place designated by immigration officers does not violate the non-delegation doctrine.

Furthermore, the statute is not unconstitutionally vague. "A statute can be impermissibly vague for either of two independent reasons. First, if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits . . . . Second, if it authorizes or even encourages arbitrary and discriminatory enforcement." *Hill v. Colorado*, 530 U.S. 703, 732 (2000); *Papachristou v. City of Jacksonville*, 405 U.S. 156, 162 (1973). In particular, a statute is vague if it "makes criminal activities which by modern standards are normally innocent," or if it sets a net so large that law enforcement is able to pick and choose who to arrest. *Papachristou*, 405 U.S. at 163.

Section 1325 provides adequate notice to people of reasonable intelligence as to what is prohibited. Individuals must enter the United States through a designated Port of Entry. Failure to do so by one who is not a citizen of the United States is a violation. There is no suggestion that the statute encourages or even allows arbitrary or discriminatory enforcement. Therefore, the argument that the statute is vague must fail.

## CONCLUSION

For the reasons stated above, Defendant's appeal from the Magistrate Judge's decision is **DENIED**. (ECF No. 10.)[1] Defendant's conviction and sentence are **AFFIRMED**.

**IT IS SO ORDERED.**

DATED: October 20, 2020

Hon. Cynthia Bashant
United States District Judge

---

[1] The Court **GRANTS** Defendant's motion for extension of time to file his opening brief (ECF No. 14). The Court deems his brief timely.